GEO. F. MUSTARD & als., *in Eq., versus* ROBERT ROBINSON.

R. S., c. 77, § 8, confers jurisdiction in equity on this Court, "in cases of partnership, and between *part owners of vessels* and other real and personal property, for adjustment of their interests in the property and *accounts respecting it;*" and a bill will be maintained, although it alleges and the evidence shows that a portion of the funds were received by the defendant as part owner and a portion in the capacity of agent and master.

BILL IN EQUITY.

The case was heard on bill, answer and proof.

The allegations in the bill and answer sufficiently appear in the opinion of the Court.

*Shepley & Dana*, for the plaintiffs.

*Evans & Putnam*, for the defendant.

This Court has no equity jurisdiction beyond that given by statute. It has jurisdiction between part owners of vessels, and may entertain a bill to account in proper cases, but this is not such a case.

The accounts are *not* accounts between part owners, though the parties stand in that relation, but they are strictly and entirely accounts between owners and *masters*, which are cognizable in an action at law. An action of account is not regarded here as obsolete, but especially preserved by statute. *Means* v. *Closson*, 40 Maine, 337; *Maguire* v. *Pingree*, 30 Maine, 508; *Hardy* v. *Sproule*, 33 Maine, 508.

Mustard *v.* Robinson.

Account at common law lies only against bailiffs, receivers and guardians, &c. Not between part owners of property.

Equity jurisdiction is given as between part owners by our statute, because there was no adequate remedy at law — suits could not be entertained till accounts were settled and balanced.

No jurisdiction was given as between owners and master, for the reason that the remedy *was* adequate.

The bill is framed with *double aspect.* It sets the ground of claim in the *alternative* — either as master or agent — or, as part owner. This is not allowable. It should state a case plainly and distinctly and within the jurisdiction of the Court. Story's Eq. Pl., § 241. "An elementary rule of the most extensive influence, that the bill should state the right, title or claim of the plaintiff with accuracy and clearness."

It is *uncertain* what case is intended to be made by this bill against the defendant, — whether as part owner or master. *Ib.* § 242.

A statement of claim in the alternative is fatal. Story's Eq. Pl., §§ 244, 245, 247, 248 and *seq.*

Yet, in some cases, where distinct grounds of claim are set up, one *within* and one *without* the jurisdiction of the Court, the bill has been treated as single, and proceeded with as if it were solely for the case *within* the jurisdiction. Story's Eq. Pl., § 283 and note.

The allegations in the bill are not sufficient to present a case between part owners.

No allegation of unsettled accounts between them as *part owners.* Accounts between owners and master are different from those of part owners *inter sese.*

The former respect the expenses of sailing the vessel, her disbursements and earnings and proceeds of sale when a sale has been made by the master, he having authority as master, when necessary, to make sale.

Part owners have no such power, under any circumstances.

The right, title and claim are not stated with clearness. Story's Eq. Pl., § 241.

The allegations in the bill in relation to the sums received by the defendant, of which an account is sought, are for *earnings* and *proceeds* of *sale*, which, from the nature of the transactions, are receipts by the master, and in that capacity, and which he would have received if he had not been part owner. 1 Story's Eq. Juris., § 466, speaks of them as distinct.

The papers and proofs show that the matters of which accounts are sought are wholly pertaining to his relation as *master*, and not within the jurisdiction of the Court.

It is not a bill for discovery — it prays none — and does not allege what facts are sought to be discovered, nor that they are material to the plaintiff's case — nor that they are exclusively within the defendant's knowledge. 1 Story's Eq. Juris., § 74; *Woodman* v. *Freeman*, 25 Maine, 545–6.

The distinguished counsel for the defendant argued elaborately and *in extenso* upon the admissibility of various parts of the testimony, and upon the merits.

The opinion of the Court was drawn by

APPLETON, J.—The bill alleges that the plaintiffs and the defendant were part owners of the ship Daniel Elliot, from Jan. 1, 1855, to Jan. 1, 1861, in certain proportions as therein set forth; that, during a part of this time, the defendant was agent for the owners and master of the vessel; that he continued as such master till the ship was condemned and sold; that he received her earnings and the proceeds of her sale and should account for the same. It then alleges that the defendant, though requested, has never accounted with the plaintiffs for the funds, belonging to and arising from the vessel, now remaining in his hands.

The answer admits the existence of the relation of joint owners of the ship in question — the receipt of its earnings by the defendant, as agent of the owners, and of the proceeds of the vessel, as master, and alleges an entire adjustment of all its accounts.

The preponderance of proof satisfactorily shows that the plaintiffs called on the defendant to produce his vouchers and to make a final adjustment of the accounts of the ship; that a time and place were agreed upon for that purpose; and that the defendant neglected to appear and make the requested settlement.

It is urged that, as part of the funds were received by the defendant as master of the vessel, and a part as agent for the owners, that therefore the bill is not maintainable.

By R. S., 1857, c. 77, § 8, jurisdiction in equity is conferred on this Court "in cases of partnership and *between part owners of vessels* and other real and personal property, for adjustment of their interests in the property and *accounts respecting it.*"

The plaintiffs and defendant are part owners of a vessel. The evidence shows that a part of the funds were received in that capacity, and a part by him as agent and as master. But, though master and agent, he was none the less part owner. Being part owner, and the funds arising from the vessel being in his hands, the other part owners have, by the clear and unequivocal language of the statute, a right to the adjustment of their interests in the vessel and of the accounts respecting it.

The bill is therefore maintained, and a master must be appointed before whom the accounts of the parties must be presented for adjustment.

TENNEY, C. J., RICE, DAVIS, GOODENOW and WALTON, JJ., concurred.